UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAVON, INC.,

                              Plaintiff,

- against -

NORTHEAST ADVANCE TECHNOLOGIES, INC.,
SAMUEL BRACH, JOSHUA BRACH, ESTEBAN
CASTILLO, JOEL FRIEDMAN, AND RIVKY
FRIEDMAN,

                              Defendants.

15 Civ. 7985 (KMK)(PED)

**MEMORANDUM
AND ORDER**

**PAUL E. DAVISON, U.S.M.J.**:

Defendants Joel and Rivky Friedman (the "Friedmans") seek: 1) a protective order regarding communications with Transmedia Payment Services, Ltd. ("Transmedia"); and 2) an order compelling Plaintiff Elavon, Inc. ("Elavon") to respond to certain discovery demands. [Dkt. 393.] The motions have been fully briefed. [Dkts. 396, 397, 400, 401, 402.] Familiarity with the record is assumed.

Each motion is **GRANTED IN PART** and **DENIED IN PART.**

### Protective Order

The Friedmans seek a protective order barring discovery regarding Transmedia because they have engaged Transmedia as a non-testifying expert pursuant to *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961). The Friedmans' invocation of privilege vis á vis Transmedia is complicated by the fact that, as the Friedmans themselves acknowledge [Dkts. 393-12, p. 3, 393-13], in 2015 Transmedia "assist[ed]" the Friedmans in disputing credit card charges which underlie plaintiff's fraud claims against the Friedmans. According the Friedmans, their

"relationship with Transmedia largely ended" in 2015. Thus, to the extent that the Friedmans' counsel subsequently engaged Transmedia as a non-testifying expert, Transmedia is at best a "mixed" fact and expert witness entitled to only limited protection under *Kovel*. *See McCutcheon v. Colgate-Palmolive Co.*, 16 Civ. 4170 (LGS)(KNF), 2018 WL 5818255 at *5 (S.D.N.Y. Aug. 3, 2018).

Because privileges "stand[] in derogation of the public's right to every man's evidence ... [they] ought to be strictly confined within the narrowest possible limits.[.]" *In Re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). Assessing the Friedmans' privilege claims here, I find that The Silber Law Firm's formal engagement letter, dated May 11, 2020 but "made as of December 19, 2019," is sufficient to establish a privileged relationship among the Friedmans, the Silber attorneys, and Transmedia. [Dkt. 397, p. 48.] On the other hand, I find that the vague declarations submitted by the Friedmans [Dkts. 393-12, 393-13] and their previous attorney, Mordy Flam, Esq. [Dkts. 397 p. 48, 407], are insufficient to establish a privileged relationship.[1] Consultations with Transmedia to ascertain the "background of the case," as described by attorney Flam, are consistent with debriefing a knowledgeable fact witness, and counsel's assertion that Transmedia "is an expert" does not equate to a showing that Transmedia was engaged as the Friedmans' expert. Notably, the May 11, 2020 engagement letter does not allude to any pre-existing *Kovel* relationship between Transmedia and the Friedmans. Considering all

---

[1] The Friedmans argue – and the Court does not disagree – that a *Kovel* relationship can be based on an oral agreement. [Dkt. 402, p. 6.] The Court concludes, however, that some greater formality is required where, as here, the purported *Kovel* expert possesses pre-existing and unprivileged knowledge of the facts. Notably, the declarations submitted on the Friedmans' behalf do not specify the date on which Transmedia is alleged to have become counsel's informal expert advisor, nor does the record contain any indication that Transmedia "agreed" to assume such status prior to December 19, 2019.

the circumstances, I find that any subjective belief Mr. Flam and the Friedmans had regarding the confidentiality of communications with Transmedia is not sufficient to establish a legally cognizable privilege.

Accordingly, the Friedmans may not withhold on the basis of privilege any communications with Transmedia occurring prior to December 19, 2019.  Any subsequent communications with Transmedia which the Friedmans wish to withhold on the basis of privilege must be enumerated on a privilege log compliant with Rule 26(b)(5)(A), Fed. R. Civ. P., and Local Civil Rule 26.2.  Transmedia is subject to deposition regarding facts relevant to this action, and any invocation of privilege arising during Transmedia deposition must comport with the limitation set forth above.

## Motion to Compel

The Friedmans also seek an order compelling Elavon to produce several categories of documents and to respond further to two interrogatories.

The Court has reviewed the parties' submissions and considered the arguments of counsel. The motion is granted only to the extent that Elavon shall produce – to the extent they exist – any memoranda, manuals, or similar documents setting forth Elavon's institutional interpretation of credit card issuers' rules and regulations regarding the use of credit cards for loans or investments and/or the cancellation of charges made for those purposes.

The Court agrees with Elavon that documents regarding Elavon's "risk management" guidelines, as well as documents evidencing how Elavon classified merchants unrelated to this action for purposes of Mastercard's "MATCH" system, are not relevant here and need not be disclosed.  With regard to the Friedmans' Interrogatories ## 4 and 9, I find that Elavon's responses are sufficient, and decline to require Elavon to identify individual employees who may

have been involved in processing upwards of 400 chargebacks.

## Conclusion

The Friedmans' motions are **GRANTED IN PART** and **DENIED IN PART** as set forth above. The Clerk of Court is respectfully directed to terminate the motion at Docket No. 393.

Dated: December 10, 2020
      White Plains, New York

                                            **SO ORDERED**

                                            _____
                                            Paul E. Davison
                                            United States Magistrate Judge