USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAVON, INC.,

Plaintiff,

*- against -*

NORTHEAST ADVANCE TECHNOLOGIES, INC., SAMUEL BRACH, JOSHUA BRACH, ESTEBAN CASTILLO, JOEL FRIEDMAN, AND RIVKY FRIEDMAN,

Defendants.

**15 Civ. 7985 (KMK)(PED)**

**ORDER**

**PAUL E. DAVISON, U.S.M.J.**:

By letter dated December 10, 2022, Defendants Joel and Rivky Friedman (the "Friedman Defendants") move to continue the deposition of Elavon, Inc.'s Rule 30(b)(6) designated witness, Ms. Holly Franklin. [Dkt. 494.][1] Elavon, Inc. ("Elavon" or "Plaintiff") opposed the Friedman Defendants' motion by letter dated December 16, 2021. [Dkt. 498.] Familiarity with the record is assumed. For the reasons stated below, the motion is **DENIED**.

## I. RELEVANT BACKGROUND

In and around April 13, 2021, the Friedman Defendants provided an Amended Rule 30(b)(6) Notice to Elavon (the "Deposition Notice"). [Dkt. 494-1.] The Deposition Notice requested that Elavon prepare its witness to testify to eleven overarching topics, which

[1] To the extent that the Friedman Defendants' letter requests spoliation sanctions, the Court will address that in a separate Order and Memorandum. Further, the Court finds that the Friedman Defendants' argument that Ms. Franklin's deposition (which lasted more than 8 hours and required a stenographer substitution before concluding at 7:04 pm) was improperly terminated is without merit.

encompassed fifteen sub-topics. These included the following:

1. Rules governing permitted credit card use by a cardholder and merchant.
2. In connection with chargebacks:
   A. Each and every department within plaintiff that plays any role in the chargeback process and the relationship among them;
   B. Chargeback rules and procedures, including those specifically addressing (i) credit not processed, (ii) fraud, and (iii) goods not received;
   C. Plaintiff's obligations to merchants, issuing banks, and card brands;
   D. Information and documentation associated with each chargeback at issue in this action;
   E. The specific action or steps take in connection with the chargebacks at issue in this case, including (i) how the initial disputes were processed, (ii) the action taken in connection with the subject chargebacks and how such action was communicated, (iii) the specific individuals directing such action, and (iv) the reason for the action taken; and
   F. The computer systems, plaintiff's and otherwise, that are used in the chargeback process.
3. Plaintiff's role in the chargeback process and the relationship between and among the merchant, acquirer, issuing bank, and issuer.
4. In connection with Northeast Advance Technologies, Inc. ("Northeast"):
   A. Plaintiff's relationship with Northeast;
   B. Agreements between plaintiff and Northeast;
   C. Agreements between plaintiff and any cardholder;
   D. Northeast's business;
   E. Northeast use of and practices in connection with credit card processing;
   F. Northeast's charging activity before and during the charges that were charged-back and which are at issue in this case;
   G. Steps, if any, plaintiff took to monitor such activity;
   H. Steps, if any, plaintiff took in response to such monitoring; and
   F. [sic] Plaintiff's investigation of Northeast in connection with its business and chargebacks.
5. Fees or income earned by plaintiff as a result of Northeast's charging activity.
6. The allegations in plaintiff's pleadings and discovery responses, including the documents produced by plaintiff.
7. Plaintiff's policies in accepting merchants.
8. Plaintiff's risk management in connection with its merchants and card processing.
9. Plaintiff's policies, procedures, and practices for considering and listing terminated merchants on the MATCH list.
10. Plaintiff's communication platforms and systems, electronic or otherwise, including (i) their names, (ii) how they are maintained, serviced, and stored, (iii)

how they are accessed (and where records of access are maintained), (iv) how they are backed up, (v) the details, if any, of their routine or systematic purge or deletion, and (vi) where deleted messages are stored and how deleted messages can be found and restored.

11. Plaintiff's retention policies, including for electronic records and electronic communications.

[Dkt. 494-1 at 3-4.] Elavon presented Ms. Holly Franklin as its Rule 30(b)(6) witness and on October 20, 2021, the Friedman Defendants deposed her. Her deposition lasted approximately 8 hours. During the deposition, Ms. Franklin stated that she had spent about an hour preparing for the deposition. [Dkt. 494-2 at 17.]

## II. APPLICABLE LAW

Under Rule 30(b)(6), a corporate entity may be noticed for a deposition. The corporate entity then designates a corporate representative "to testify on its behalf." Fed. R. Civ. P. 30(b)(6). Although a deposition under Rule 30(b)(6) "is not designated to be a memory contest," *Equal Emp. Opportunity Comm'n v. American Int'l Grp., Inc.*, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994), "the corporate deponent has an affirmative duty to make available [a representative] able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "Moreover, a corporation's obligation to prepare a witness to address topics included in a Rule 30(b)(6) notice of deposition is triggered where the witness lacks personal knowledge of the matters set forth in the deposition notice." *Heras v. Metropolitan Learning Institute*, 2022 WL 20899, at *2 (E.D.N.Y. Jan. 3, 2022). "Producing an unprepared witness is tantamount to a failure to appear." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996). "When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of

evidence." *Reilly*, 181 F.3d at 268.

Sanctions are appropriate "where the inadequacies in a deponent's testimony [are] egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co. Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). Nonetheless, "courts are reluctant to award sanctions on the basis of deficient Rule 30(b)(6) testimony when counsel fail to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated." *Agniel v. Central Park Boathouse LLC*, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015).

**III. ANALYSIS**

The Friedman Defendants argue that Ms. Franklin was unprepared for her deposition. To support this argument, the Friedman Defendants rely upon Ms. Franklin's statement that she spent approximately an hour preparing for the deposition. They also claim that because Ms. Franklin was unprepared, she could not inform them on the topics provided for in the Deposition Notice. A review of the Friedman Defendants' arguments and the Deposition Notice indicates that the Friedman Defendants found Ms. Franklin's testimony to be insufficient for point one, subsection E of point two, subsection F of point four, point six, and point eleven.[2]

The Friedman Defendants make much of the fact that Ms. Franklin spent approximately one hour preparing for this deposition. However, Ms. Franklin has personal knowledge of the case, as she was a "primary contact[] or player[] from day one." Dkt. 494-2 at 78; *see Heras*, 2022 WL 20899, at *2. Further, she has been at Elavon for 23 years and had been in her position

[2] The Friedman Defendants fail to identify which points of their Deposition Notice Ms. Franklin provided insufficient testimony for, and instead state topics that they believe their Deposition Notice covers.

for approximately two years when she detected the chargeback issues. She also testified that it would be a fair characterization to say that her "entire career with Elavon is focused on loss prevention and risk assessment[.]" [Dkt. 494-2 at 9.] Although an hour is not a substantial amount of time, given Ms. Franklin's personal knowledge of the case, it was sufficient to prepare her as Elavon's Rule 30(b)(6) witness.

Further, having reviewed Ms. Franklin's testimony, this Court finds that Ms. Franklin's testimony was not insufficient as to any of the points identified by the Friedman Defendants. The testimony that the Friedman Defendants claims is insufficient generally falls within the information requested by the Deposition Notice, but the Friedman Defendants are demanding a degree of detailed recollection "that would be unrealistic without more specific notice." *Agniel*, 2015 WL 463971, at *2. This Court further finds that this motion is meritless and "tactically motivated" and is therefore denied. *See id.*

## IV. CONCLUSION

Accordingly, the Friedman Defendants' motion is **DENIED**. The Clerk is respectfully directed to terminate the motion (Dkt. 494).

Dated: April 20, 2022
White Plains, New York

**SO ORDERED**

Paul E. Davison
United States Magistrate Judge