IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ELAVON, INC.,

Plaintiff,

-against-

NORTHEAST ADVANCE TECHNOLOGIES, INC., SAMUEL BRACH, JOSHUA BRACH, ESTEBAN CASTILLO, JOEL FRIEDMAN, and RIVKY FRIEDMAN,

Defendants.

Civil Action No.: 7:15-cv-7985-KMK-PED

DECLARATION OF KYLE A. SEISS, ESQ. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

KYLE A. SEISS, ESQ., an attorney duly admitted to practice law before the courts of the State of New York and the United States District Court for the Southern District of New York, declares the following under penalties of perjury:

1. I am an associate attorney in the law firm of Cohen, LaBarbera & Landrigan, LLP, attorneys for Defendants Northeast Advance Technologies, Inc. ("Northeast"), Samuel Brach, Joshua Brach, and Esteban Castillo in the above-titled action, and as such I am personally familiar with the facts and circumstances recited herein, except any statements made upon information and belief, which statements I believe upon diligent inquiry to be true.

2. I make this Declaration in support of the motion for summary judgment by Northeast, Samuel Brach, Joshua Brach, and Esteban Castillo for dismissal of all causes of action against Samuel Brach, Joshua Brach, and Esteban Castillo and for all except the breach of

contract cause of action against Northeast asserted in Plaintiff Elavon, Inc.'s ("Elavon") Third Amended Complaint.

3. Elavon commenced this civil action by filing its original Complaint against Northeast, Castillo, and John Doe defendants on October 9, 2015, for breach of contract, breach of guaranty, fraud, quantum meruit, and unjust enrichment.

4. A true and accurate copy of Elavon's original Complaint (without exhibits) as obtained *via* PACER is annexed hereto and made part hereof as Exhibit A

5. As stated on the PACER docket, after a pre-motion conference before the Court on February 3, 2016, Elavon filed an Amended Complaint on February 17, 2016, against Northeast, Castillo, Joel Friedman, Rivky Friedman, and John Doe Defendants for breach of contract, breach of guaranty, fraud, quantum meruit, and unjust enrichment.

6. A true and accurate copy of Elavon's Amended Complaint (without exhibits) as obtained *via* PACER is annexed hereto and made part hereof as Exhibit B.

7. Joel and Rivky Friedman (together the "Friedmans") moved to dismiss the Amended Complaint, and the Court dismissed Elavon's fraud and quantum meruit claim without prejudice and gave Elavon leave to file yet another amended complaint "addressing the deficiencies identified by the Court at oral argument."

8. A true and accurate copy of the Court's November 30, 2016, Order as obtained *via* PACER is annexed hereto and made part hereof as Exhibit C.

9. Elavon then filed a Second Amended Complaint on January 31, 2017.

10. A true and accurate copy of Elavon's Second Amended Complaint (without exhibits) as obtained *via* PACER is annexed hereto and made part hereof as Exhibit D.

11. Far from addressing the deficiencies identified by the Court, Elavon's Second Amended Complaint added a host of new defendants, including but not limited to Samuel Brach and Joshua Brach, and added claims for four "counts" under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and "conspiracy."

12. As stated on the PACER docket, after the Defendants moved to dismiss the Second Amended Complaint, this action was reassigned to Judge Katherine B. Forrest on September 28, 2017.

13. On October 27, 2017, Judge Forrest entered an Opinion and Order dismissing all of Elavon's causes of action except for breach of contract and breach of guaranty against Northeast and Castillo, respectively, with prejudice, dismissed all other defendants besides Northeast and Castillo, and denied Elavon's request for leave to amend its pleading yet again.

14. A true and accurate copy of Judge Forrest's Opinion and Order as obtained *via* PACER is annexed hereto and made part hereof as <u>Exhibit E.</u>

15. Thereafter, as stated on the PACER docket, thus action was reassigned back to this Court on September 17, 2018.

16. Elavon then moved to amend its complaint yet again.

17. In an Order dated November 21, 2019, this Court partially granted Elavon's motion to amend but denied, *inter alia*, Elavon's attempt to reassert its RICO and conspiracy theories.

18. A true and accurate copy of this Court's Order as obtained *via* PACER is annexed hereto and made part hereof as <u>Exhibit F.</u>

19. As a result, Elavon filed its Third Amended Complaint, which is the subject of the instant motion.

20. A true and accurate copy of Elavon's Third Amended Complaint (without exhibits) as obtained *via* PACER is annexed hereto and made part hereof as Exhibit G.

21. Exhibit 1 to Elavon's Third Amended Complaint as obtained *via* PACER is annexed hereto and made part hereof as Exhibit H.

22. Exhibit 2 to Elavon's Third Amended Complaint as obtained *via* PACER is annexed hereto and made part hereof as Exhibit I.

23. Exhibit 3 to Elavon's Third Amended Complaint as obtained *via* PACER is annexed hereto and made part hereof as Exhibit J.

24. Exhibit 4 to Elavon's Third Amended Complaint as obtained *via* PACER is annexed hereto and made part hereof as Exhibit K.

25. A true and accurate copy of the selected pages from the deposition of Brian Boyden, as provided by the court reporter, is annexed hereto and made part hereof as Exhibit L.

26. A true and accurate copy of the selected pages from the deposition of Holly Franklin, as provided by the court reporter, is annexed hereto and made part hereof as Exhibit M.

27. A true and accurate copy of the selected pages from the deposition of Edwin Sheehan, as provided by the court reporter, is annexed hereto and made part hereof as Exhibit N.

28. A true and accurate copy of the selected pages from the depositions of Christopher Smith, as provided by the court reporter, is annexed hereto and made part hereof as Exhibit O.

29. A true and accurate copy of the selected pages from the deposition of Douglas Whiteside, as provided by the court reporter, is annexed hereto and made part hereof as Exhibit P.

30. For the reasons set forth above, in the accompanying memorandum of law and declarations, a the defects in Elavon's own pleadings, the Court is respectfully requested to grant the

instant motion in the entirety and enter judgment dismissing all claims in the Third Amended Complaint, except as to breach of contract against Northeast, as a matter of law.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June30, 2022.

_/s/Kyle A. Seiss_
KYLE A. SEISS, ESQ.