**COHEN, LaBARBERA & LANDRIGAN, LLP**
**ATTORNEYS AT LAW**

RONALD J. COHEN (NY BAR & LL.M. IN TAXATION)
STEPHEN P. LA BARBERA (NY BAR)
THOMAS C. LANDRIGAN (NY & NJ BAR)
------------------------------------
GREGORY J. BROSNAN (NY, NJ & CT BAR & LL.M. IN TAXATION)
PATRICK HICKEY (NY BAR)
JOSHUA A. SCERBO (NY & NJ BAR)
STUART THALBLUM (NY BAR - OF COUNSEL)

40 MATTHEWS STREET, SUITE 203
GOSHEN, NEW YORK 10924
TELEPHONE (845) 291-1900
FACSIMILE (845) 291-8601*
EMAIL: Call for Individual Email Addresses
*Not for Service of Process
------------------------------------------------------
SUSAN M. YEOMAN (PARALEGAL SUPERVISOR)

September 26, 2016

***Via Electronic Case Filing***
Chambers of Honorable Paul E. Davison, U.S.M.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: Elavon Inc. V. Northeast Advance Technologies, Inc. et. al.
*Civil Action No: 7:15-cv-7985-KMK-PED*

Your Honor:

As the Court is aware, our office represents Defendants Northeast Advance Technologies, Inc. and Esteban Castillo (the "Defendants"), in the above captioned matter. We write in response to the Plaintiff's September 15, 2016 letter, wherein Plaintiff raised issue with certain discovery demands.

Many of the documents requested are simply a matter of the fact that Defendants are not in possession of documentation responsive to the demands, as specifically noted below with respect to individual demands. Concerning specific responses to the list of items included in Exhibit 2 to Plaintiff's September 15th letter the Northeast Defendants respond as follows:

**Esteban Castillo Requests**

Request No 3:-The Defendants objected to this demand as vague as the demand is overbroadly written in terms that are without limitation as to nature of the communications, nor without limitation as to time. Notwithstanding these objecitons, Defendants state that Defendants are not in possession of documents responsive to this demand.

Request No. 10-The Defendants waive their earlier objections and state that the Northeast Defendants are not in possession of documentation responsive to this demand.

Request No. 11- The Defendants waive their earlier objections and state that the Northeast Defendants are not in possession of documentation responsive to this demand.

Request No. 13-The Defendants restate their objection that the demand overbroadly demands documentation relating to internal governance which include confidential business information, notwithstanding this objection, the Northeast Defendants state they are not in possession of documentation responsive to this demand.

**<u>Northeast Advance Technologies Requests</u>**

-Request No. 4-The Defendants objected to this demand as vague as the demand is overbroadly written in terms that are without limitation as to nature of the communications, nor without limitation as to time. Plaintiff also later limited the time frame of this request as limited to communications with Robert F. Mitchel since January 1st, 2015. Subject to this time limitation, Defendants state that Defendants are not in possession of documents responsive to this request. In the event that no time restriction in place as to this demand, Defendants restate their objections as such communications relate to internal governance and documentation from over six years ago which relates to asset acquisition which is unrelated to the subject matter of the action.

-Request No. 18-The Defendants objected to this demand as overbroad as seeking information far beyond the scope of the action, as their was no limitation as to the scope of the demand, and as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 19-The Defendants objected to this demand as overbroad as seeking information far beyond the scope of the action, as their was no limitation as to the scope of the demand, and as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 20-The Defendants objected to this demand as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documents responsive to this demand.

-Request No. 21-The Defendants objected to this demand as seeking confidential business records, and further note that Plaintiff's cited authority relates to attorney client privilege, rather than business record confidentiality. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 22-The Defendants objected to this demand as seeking confidential business records, and further note that Plaintiff's cited authority relates to attorney client privilege, rather than business record confidentiality. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 23-The Defendants objected to this demand as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 24-The Defendants objected to this demand as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 30-The Defendants objected to this demand as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 39-The Defendants objected to this demand as seeking confidential business records. Defendants further note that Plaintiff's cited authority refers to claiming such a privilege after a court order to compel is granted. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

-Request No. 40-The Defendants objected to this demand as seeking confidential business records. Notwithstanding this objection, Defendants state they are not in possession of documentation responsive to this demand.

We also note that we have yet to receive responses to the Northeast Defendants' First Set of Requests for productions of documents, as Plaintiff is withholding the same pending receipt of a Stipulated Protective Order, which we have today provided to opposing counsel, which will shortly be filed so as to be So-Ordered by the Court.

Respectfully,

/s/ Joshua A. Scerbo
Joshua A. Scerbo

cc:
**(via ECF)**
Daniel Ginzburg, Esq.
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
*Attorneys for Plaintiff*

Laura M. Catina, Esq.
Condon & Associates
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
*Attorneys for the Friedman Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Cohen, LaBarbera & Landrigan, LLP
Thomas C. Landrigan
Joshua A. Scerbo
40 Matthews Street, Suite 203
Goshen, New York 10924
(845) 291-1900
tcl2@frontier.com
*ATTORNEYS FOR DEFENDANTS*
*NORTHEAST ADVANCE TECHNOLOGIES, INC.,*
*& ESTABAN CASTILLO*

| | |
|---|---|
| ELAVON, INC.<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST ADVANCE TECHNOLOGIES, INC., ESTABAN CASTILLO, JOEL FRIEDMAN, RIVKY FRIEDMAN, JOHN DOES 1-50 and ABC COMPANIES 1-50,<br><br>Defendants, | Civil Action No.:<br>7:15-cv-7985-KMK-PED<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Northeast Advance Technologies, Inc. and Esteban Castillo , (collectively, "Defendants" or "Responding Party"), hereby responds to Plaintiff Elavon, Inc.'s ("Plaintiff" or "Propounding Party"), First Set of Requests for Production of Documents to Defendant Esteban Castillo and to Plaintiff's First Set of Requests for Production of Documents to Defendant Northeast Advance Technologies, Inc. as

follows:

## GENERAL OBJECTIONS

1. The information supplied in these responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's attorneys, unless privileged. The word usage and sentence structure is that of the attorneys who prepared these answers and do not purport to be the exact language of the executing parties. These responses are based on information currently known by Responding Party and its attorneys. Discovery in this case is ongoing, and Responding Party has not completed its investigation of the facts pertaining to this action, nor has it completed its discovery, or preparation for trial. Responding Party reserves the right to rely on any facts, documents or other evidence which may develop or come to Responding Party's attention subsequent hereto. Responding Party's responses are set forth herein without prejudice to Responding Party's right to assert additional objections or supplemental responses should Responding Party discover additional information or grounds for objections. Responding Party reserves the right to supplement or amend these responses at any time prior to trial of this action.

2. Responding Party objects to these requests in their entirety to the extent that they are overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of inadmissible evidence.

3.Responding Party objects to each request calling for an answer requiring “each” "every", "all", "any", or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such requests are vague and ambiguous, overly

broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Responding Party will construe these terms and phrases to request that Responding Party use reasonable diligence to locate relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

4. Responding Party objects to all requests for information regarding "each", "every", "all", "any", or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) on the grounds that Responding Party has not completed its investigation of facts relating to this action. Discovery and Responding Party's search for documents and related materials is ongoing. Accordingly, Responding Party reserves the right to rely on any facts, documents or other evidence that may develop or come to Responding Party's attention, subsequent thereto. Responding Party's responses are set forth herein without prejudice to its right to assert additional objections or supplemental responses should Responding Party discover additional information or grounds for objections. Additionally, Responding Party reserves the right to supplement or amend these responses at any time prior to trial of this action.

5. Responding Party objects to these requests to the extent that they impose any duty or obligation upon Responding Party in excess of those duties and obligations imposed by the Federal Rules of Civil Procedure.

6. Responding Party objects to all requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

7. Responding Party objects to all requests that seek information in the possession or control of other parties to this action.

8. Responding Party objects to all requests to the extent that they require Responding Party to detail its legal contentions and supporting facts on the ground that such requests are premature at this stage of discovery.

9. To the extent Responding Party responds to these requests, Responding Party does not concede that the information requested is relevant to this action. Responding Party expressly reserves the right to object to further discovery of the subject matter of any of these Requests and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these requests.

10. Responding Party reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding or the trial of this or any other action and to object on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

11. Responding Party objects to all requests to the extent that they seek disclosure of confidential, commercial or business information.

12. The foregoing General Objections are hereby expressly incorporated in each of the following responses to requests, to the extent applicable, and are in addition to any

specific objections made in any of the following answers.

13. Due to the volume of documents provided in response to the Propounding Party's Demands, the responses to these document demands are provided on the accompanying compact disc in a Portable Document Format "PDF" file. The file contains Bates Stamps from NEAT0001 through NEAT4569 and these documents are separated into document response numbers as follows:

| Number | Description |
|---|---|
| 1 | -Employee W-2's for 2014-2015 |
| 2 | -Trustco Acct 5726- Bank Statements |
| 3 | -Trustco Acct 5140- Bank Statements |
| 4 | -Website and Marketing for Northeast Advance |
| 5 | -Elavon Billing Statements to Northeast |
| 6 | -Elavon Collection Letters |
| 7 | -Northeast's 2010 Lease Agreement |
| 8 | -Northeast's Merchant Application to Fidelity Payment Services-2011 |
| 9 | -Employee Quick Report of checks and Paychecks to Esteban Castillo |
| 10 | -Northeast Certificate of Incorporation |
| 11 | -Numerous Chargeback documents. |
| 12 | -Northeast's Orders to other companies |
| 13 | - Other Companies' orders to Northeast |
| 14 | - Insurance Claim Related Documents[1] |

[1]Responding Party's counsel is in possession of a Settlement Agreement which pertains to certain demands for insurance related documents, which is also the subject of a confidentiality

**DOCUMENTS REQUESTED OF ESTEBAN CASTILLO**

1. All documents that constitute or concern communications between you and Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1and 9.

2. All documents that constitute or concern communications between you and Friedman.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 11.

3. All documents that constitute or concern communications between you and Robert F. Mitchel.

---

provision. Responding Party is providing notice to the parties to this agreement in accordance with the provisions of the confidentiality provisions prior to the disclosure of this document.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

4. All documents that constitute or concern communications between you and any credit card issuing bank.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 5, 6, and 8.

5. All documents that constitute or concern communications between you and New York Merchant Services, Inc.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 6.

6. All documents that constitute or concern communications between you and any other person regarding the subject matter of this litigation.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses.

7. All documents that constitute or concern communications between you and Elavon.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 5, 6, and 11.

8. All documents concerning the nature of the relationship between Northeast and you.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence,

and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1 and 9.

9. All documents concerning your responsibilities as an employee of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1, 9, and 13.

10. Any of your existing resumes.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

11. Any documents identifying your educational background, including, without limitation, high school diploma or evidence thereof, any attendance at trade or vocational schools, any college courses taken, college diploma or evidence thereof and evidence of graduate and post-graduate education.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

12. All documents concerning compensation of any kind paid to you by Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1 and 9.

13. All documents identifying you as President of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

**DOCUMENTS REQUESTED OF NORTHEAST ADVANCE TECHNOLOGIES**

1. All documents that constitute or concern communication between Northeast and

Elavon.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 2, 3, 5, 6, and 11.

2. All documents that constitute or concern communications between Northeast and Castillo.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1 and 9.

3. All documents that constitute or concern communications between Northeast and Friedman.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence,

and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 11.

4. All documents that constitute or concern communications between Northeast and Robert F. Mitchel.

<u>Response</u>

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

5. All documents that constitute or concern communications between Northeast and any credit card issuing bank.

<u>Response</u>

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 2, 3, 5, 6, 8, and 11.

6. All documents that constitute or concern communications between Northeast and TD Bank, N.A., including, without limitation, account opening documents and monthly

statements of account from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

7. All documents that constitute or concern communications between Northeast and TrustCo Bank and/or TrustCo Bank Corp. NY, including, without limitation, account opening documents and monthly statements of account from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 2 and 3.

8. All documents that constitute or concern communications between Northeast and New York Merchant Services, Inc.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence,

and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 6.

9. All documents that constitute or concern communications between Northeast and any other person concerning the subject matter of this litigation.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses.

10. All documents that constitute or concern communications between Castillo and Elavon.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 5, 6, and 11.

11. All documents that constitute or concern communications between Castillo and

Friedman.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 11.

12. All documents that constitute or concern communications between Castillo and any other person regarding the subject matter of this litigation.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses.

13. All documents that constitute or concern communications between Northeast and any person regarding any allegation, claim or defense raised in this action.

Response

______Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these

objections, Responding Party references its document responses.

14. All documents concerning the nature of the relationship between Northeast and Castillo.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1, 9, and 13.

15. Northeast's certificate of incorporation.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 10.

16. All documents regarding the formation of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or

unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 10.

17. All documents concerning Northeast's shareholder agreements.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 10.

18. All documents concerning Northeast's minutes of board of directors meetings.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

19. All documents concerning Northeast's passed corporate resolutions.

Response

______Responding Party objects to this demand to the extent it is vague, overbroad, or

unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

20. All documents concerning Northeast's operating agreement(s).

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

21. Any documents identifying any past shareholders of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

22. Any documents identifying the current shareholders of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

23. Any documents identifying any past officers of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

24. Any documents identifying the current officers of Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

25. All documents identifying any persons employed or contracted to work for Northeast, from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1 and 9.

26. All documents concerning Northeast's promotional materials.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 4.

27. All documents concerning Northeast's advertisement of its goods and/or services.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 4, 12, 13.

28. All documents concerning Northeast's applications for credit card processing services.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 8.

29. All documents concerning any leases of real estate entered into by Northeast.

Response

______Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 7.

30. All documents concerning any real estate owned by Northeast.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information.

31. All documents concerning compensation of any kind paid by Northeast to Castillo.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 1 and 9.

32. All documents concerning invoices for payment sent by Northeast to any person after January 1, 2014.

Response

______Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 12.

33. All documents concerning payment by any person for goods and/or services rendered by Northeast to any person after January 1, 2014.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 13.

34. All documents concerning payment made by Northeast to any person after January 1, 2014.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or

unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 12.

35. All documents concerning purchases of any materials by Northeast necessary to produce the goods and/or services it offered for sale after January 1, 2014.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 12.

36. All documents concerning transactions entered into between Northeast and Friedman.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 11.

37. All documents concerning payments to Northeast made by any insurer since January 1, 2012.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 14.

38. All documents concerning the transactions listed in Northeast's letters to Friedman dated June 1, 2015 and September 7, 2015, included as Exhibit 3 to the Amended Complaint.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 11.

39. All documents concerning sales tax records from January 1, 2014 to the present, including quarterly reports, estimates, and evidence of payment of same to the State of New York.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, that it seeks confidential commercial business information, and that tax documents are subject to a qualified privilege.

40. All documents concerning employment tax and unemployment tax records from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, that it seeks confidential commercial business information, and that tax documents are subject to a qualified privilege.

41. All documents concerning applications or financial statements prepared in connection with any application for credit or general banking services, from January 1, 2010 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes

Document Response Number 8.

42. Any policies of commercial insurance providing any type of coverages to you, from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Number 14.

43. Documents concerning invoices/bills oflading/receipts, etc. evidencing inventory, stock, or acquisition of products purchased by you and subsequently offered for sale and/or sold to the general public, from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 11, 12, and 13.

44. All documents concerning wires/ACH refunds/checks/credits/returns to your

customers from January 1, 2014 to the present.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 11 and 13.

45. All documents to or from the involved member service providers/sales organization concerning any aspect of your card processing relationship with Elavon or any card processing relationship with any other provider.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses and specifically notes Document Response Numbers 5, 6, 8, 11.

46. All documents you intend to use to support the affirmative defenses in your Answer to the Amended Complaint.

Response

Responding Party objects to this demand to the extent it is vague, overbroad, or unduly

burdensome, that it is not reasonably calculated to lead to admissible evidence, and that it seeks confidential commercial business information. Notwithstanding these objections, Responding Party references its document responses.

Dated: August 1, 2016

For Defendants:

*/s/ Joshua A. Scerbo*

JOSHUA A. SCERBO
Cohen, LaBarbera & Landrigan, LLP
40 Matthews Street, Suite 203
Goshen, NY 10924
Telephone: (845) 291-1900
Facsimile: (845) 291-8601
jscerbo@cll-law.com