UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAVON INC.,

                                        Plaintiff,

        v.

NORTHEAST ADVANCED TECHNOLOGIES
INC., *et al.*,

                                        Defendants.

No. 15-CV-7985 (KMK)

OPINION & ORDER

<u>Appearances</u>:

Daniel Ginzburg, Esq.
The Ginzburg Law Firm, P.C.
Freehold, NJ
*Counsel for Plaintiff*

Thomas C. Landrigan Esq.
Joshua A. Scerbo, Esq.
Kyle A. Seiss, Esq.
Cohen, Labarbera & Landrigan LLP
Chester, NY
*Counsel for Defendants*

Meyer Y. Silber, Esq.
The Silber Law Firm, LLC
Brooklyn, NY
*Counsel for Defendants*

Steven Y. Yurowitz, Esq.
Newman & Greenberg
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Elavon Inc. ("Plaintiff") brought this Action against Northeast Advance Technologies Inc. ("Northeast"), Samuel Brach, Joshua Brach, Esteban Castillo ("Castillo"; together with Northeast, S. Brach, and J. Brach, "Northeast Defendants"), Joel Friedman, and Rivky Friedman (together with Joel Friedman, "Friedmans") for breach of contract, fraud, fraudulent inducement, breach of guaranty, and unjust enrichment.  (*See generally* Third Am. Compl. ("TAC") (Dkt. No. 300).)  On March 30, 2023, this Court granted, *inter alia*, Friedmans' Motion for Summary Judgment.  (Summ. J. Order ("Order") (Dkt. No. 595).)  On May 5, 2023, Plaintiff submitted the instant Motion for Reconsideration (the "Motion").  (Notice of Mot. (Dkt. No. 598); Mem. of Law in Supp. of Mot. ("Pl.'s Mem.") (Dkt. No. 599); Decl. of Daniel Ginzburg in Supp. of Mot. ("Ginzburg Decl.") (Dkt. No. 600).)  The Friedmans opposed the Motion on May 24, 2023. (Mem. of Law in Opp'n. to Mot. ("Friedmans' Mem.") (Dkt. No. 606); Decl. of Steven Y. Yurowitz in Opp'n. to Mot. ("Yurowitz Decl.") (Dkt. No. 605).)  Plaintiff submitted a reply on May 31, 2023.  (Reply Mem. of Law in Further Supp. of Mot. ("Pl.'s Reply Mem.") (Dkt. No. 607).)  For the reasons stated herein, Plaintiff's Motion is denied.

## I. Discussion

### A. Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (internal quotation marks and citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577, 2018 WL

11396029, at *2 (S.D.N.Y. June 6, 2018).  The standard for such motions is strict and should not be granted where the moving party seeks solely to relitigate an issue already decided.  *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (internal quotation marks and citation omitted)).  "A movant may not 'rely upon facts, issues, or arguments that were previously available but not presented to the court.'"  *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)).  "Nor is a motion for reconsideration 'the proper avenue for the submission of new material.'"  *Li v. China Merchs. Bank Co.*, No. 22-CV-9309, 2023 WL 2955293, at *2 (S.D.N.Y. Apr. 14, 2023) (quoting *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000)).  "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court."  *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (internal quotation marks and citation omitted); *see also S.K. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7291, 2023 WL 3646935, at *1 (S.D.N.Y. May 25, 2023) (same).  In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y.

Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729

F.3d 99, 104 (2d Cir. 2013)); *accord Indergit*, 52 F. Supp. 3d at 523.

    B. Analysis

    Plaintiff seeks reconsideration of this Court's decision to grant summary judgment to the

Friedmans on Plaintiff's fraud claim.  Underlying Plaintiff's request for reconsideration is New

York law, which permits a fraud claim to be based on misrepresentations to a third party if the

third party merely passed the fraudulent statements on to the intended victim without filtering or

editing them.  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 260 (2d

Cir. 2021) (citing *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 828 (2016)).  In

other words, "reliance on communications from a third party cannot form the basis of a fraud

claim, regardless of the defendant's intent, unless the third party was a mere conduit."  *Id.* at 261

n.4; *see also id.* at 260 ("Reliance on an intermediate third party can form the basis of a claim for

fraud when the third party acts as a scrivener by transcribing and distributing a defendant's

representations without filtering or modification.").

    Plaintiff contends that the Court incorrectly concluded that Plaintiff failed to surmount

any evidence that would bring into dispute the Friedmans' assertion that the issuing banks (the

third parties) filtered the documentation containing the allegedly fraudulent statements that was

sent to the acquirer (Plaintiff), particularly in light of the sworn declaration of its representative,

Holly Franklin, who denied any filtering and editing of the fraudulent statements.  (Pl.'s Mem. at

2.)

    In support of its request for reconsideration, Plaintiff offers three arguments.  First, it

asserts that "the Court should reconsider [its] holding because the Friedmans themselves did not

argue in their brief that Ms. Franklin lacked personal knowledge" to deny filtering the

4

documentation.  (*Id.*)  Under Rule 56(f), a court can only "grant summary judgment on grounds not raised by a party . . . after giving notice of its intention to do so and a reasonable time to respond," which, according to Plaintiff, "[t]he Court did not do [] here."  (*Id.*)  Second, Plaintiff argues that the Court erred by deciding that Franklin did not have the requisite personal knowledge to deny the Friedmans' assertion concerning the filtering and editing of the fraudulent statements.  (*Id.*)  Contrary to the Court's conclusion, Plaintiff argues that "Ms. Franklin has worked for Elavon, an acquiring bank, for [twenty-three] years.  Thus, Plaintiff's claim that Franklin has the personal knowledge sufficient to deny the Friedmans' assertion."  (*Id.*)  Third, and finally, Plaintiff asserts that "the Court misconstrued the Friedmans' submission," and that the evidence demonstrates that "issuing banks [did not] pick[] and choos[e] which information to pass on to Elavon."  (*Id.* at 2–3.)  The Court finds each of these arguments unavailing, addressing each in turn.

### 1. Grounds for Summary Judgment

Rule 56(f)(2) provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant [a motion for summary judgment] on grounds not raised by a party."  Fed. R. Civ. P. 56(f)(2); *see also Willey v. Kirkpatrick*, 801 F.3d 51, 62–63 (2d Cir. 2015); *Disney Enter., Inc. v. Sarelli,* No. 16-CV-2340, 2018 WL 5019745, at *1 n.3 (S.D.N.Y. Sept. 26, 2018).  Plaintiff first contends that reconsideration is warranted because the Court granted summary judgment on grounds not raised by either party and without providing prior notice and an opportunity to respond.  (Pl.'s Mem. at 6–7.)

The Court disagrees.  In fact, the ground relied on by the Court -- that Plaintiff did not demonstrate a material dispute as to the fact that the issuing banks (the third parties) filtered the documentation containing the allegedly fraudulent statements that was sent to the acquirer

(Plaintiff) even in light of Franklin's sworn declaration denying this fact -- was explicitly briefed and discussed at oral argument on the summary judgment motion.  For example, at argument, Counsel for the Friedmans expressly stated that the record "contradict[ed] Franklin's claim that . . . 'issuers do not pick and choose which information to forward,'" as it was "obvious[ that the issuers] did because to the extent that [certain] statements were said, none of [them were] conveyed to Elavon. . . . So [the issuers] clearly do pick and choose what they are going to send to Elavon, and . . . in that sense, this case is in fact, *Loreley*."  (Oral Arg. Tr. at 40:10–18 (Dkt. No. 604); *see also id.* at 40:25–41:2 ("Franklin's deposition . . . attempts to rewrite history because it's inconsistent with many documents.  It's inconsistent with the deposition testimony.").)  Moreover, in both the Plaintiff's and the Friedmans' briefs concerning the Motion for Summary Judgment, the Parties argued their respective positions related to whether the issuers (the third parties) were mere conduits in the passing of fraudulent statements to the acquirer (Plaintiff).  (*See* Friedmans' Mem. of Law in Supp. of Mot. for Summ. J. at 16–17 (Dkt. No. 560); Pl.'s Mem. of Law in Opp'n. to Mot. for Summ. J. at 17–18 (Dkt. No. 571).)

　　　To the extent Plaintiff claims that the Court improperly assessed Franklin's personal knowledge on the issue, Plaintiff is wrong.  When ruling on a motion for summary judgment, a court "need only consider evidence that would be admissible at trial."  *Centi v. Fedigan*, 413 F. Supp. 3d 171, 176 (S.D.N.Y. 2019); *see also Latimer v. Annucci*, No. 21-CV-1275, 2023 WL 6795495, at *3 (S.D.N.Y. Oct. 13, 2023) (same); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998) (same).  "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'"  *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4));

*see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Mozzochi v. Town of Glastonbury*, No. 21-CV-1159, 2023 WL 3303947, at *3 (D. Conn. May 8, 2023); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (internal quotation marks and citation omitted)).  If "any portion of an affidavit [is] not based on personal knowledge[, it] should be stricken."  *Gemological Inst. of Am., Inc. v. Zarian Co.*, 349 F. Supp. 2d 692, 697 (S.D.N.Y. 2004) (quoting *Larouche v. Webster*, 175 F.R.D. 452, 454–55 (S.D.N.Y. 1996)); *see also Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 131 n.12 (2d Cir. 2004) (noting that the district court was free to disregard hearsay statements and speculation in affidavits); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge").  Accordingly, regardless of whether the Parties raised Franklin's personal knowledge as an issue, the Court acted within its authority under Rule 56(e) in determining whether Franklin's statements concerning the issuers' practices related to filtering documents were made from personal knowledge, such that the Court could properly consider those statements in deciding the Motion for Summary Judgment.

In any event, the Friedmans explicitly raised Franklin's competency to testify to this matter in their Reply Rule 56.1 statement.  (*See* Friedmans' Reply Rule 56.1 Statement in Supp. of Mot. for Summ. J. ("Friedmans' Reply 56.1") at 18 (Dkt. No. 582).)  This Court allowed the Friedmans "to submit a Rule 56.1 reply limited solely to disputes arising from the post-deposition declarations."  (Mem. Endorsement at 3 (Dkt. No. 589).)  Plaintiff submitted a post-deposition declaration for Franklin; therefore, statements in the Friedman's Reply 56.1 related to

Franklin's declaration were considered by the Court.  Thus, the Court did not act outside of Rule 56(f) in deciding this issue.

### 2. Franklin's Personal Knowledge

Plaintiff, next, argues that the Court incorrectly decided that Franklin lacked the requisite personal knowledge to testify as to the filtering and editing of documents that the issuers may or may not have participated in when they sent materials to the acquirer.  (Pl.'s Mem. 11–15.)  In support of this argument, Plaintiff contends that "Franklin has worked for Elavon, an acquiring bank, for [twenty-three] years.  Thus, she does have personal knowledge sufficient to deny the Friedmans' assertion."  (Pl.'s Mem. at 2.)  Moreover, Plaintiff maintains that "[b]ased upon [] Franklin's more than two decades of experience in the specific field of chargeback processing and risk analysis, a trier of fact could conclude that she has personal knowledge of the facts stated in her."  (*Id.* at 12).

As a threshold matter, Plaintiff does not meet the strict standard for a motion for reconsideration on this issue, as it has not "identifie[d] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Alvarez*, 2017 WL 6033425, at *2 (internal quotation marks and citation omitted). Instead, Plaintiff provides either information that was already in Franklin's initial declaration, (*see* Declaration of Holly Franklin in Opp'n to Mot. for Summ. J. (Dkt No. 567)), or new information about her credentials and experiences in her role, which was knowledge available to Plaintiff at the time it submitted her initial declaration.  *Azzarmi*, 2023 WL 6255678, at *1 (noting that for a motion for reconsideration, a movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court" (quoting *Indergit*, 52 F. Supp. 3d at 523)); *see also Townsquare Media, Inc. v. Regency Furniture, Inc.*, No. 21-CV-4695,

2023 WL 6289984, at *1 (S.D.N.Y. Sept. 27, 2023) (stating that "a motion for reconsideration" is not "the proper avenue for the submission of new material" (quoting *Sys. Mgmt. Arts Inc.*, 106 F. Supp. 2d at 521)).

However, assuming arguendo that Plaintiff meets the threshold requirements for a motion for reconsideration, Plaintiff provides no substantive reason for this Court to alter its initial decision concerning Franklin's personal knowledge. Plaintiff provides information bolstering Franklin's credentials and experiences working at an acquiring bank, but fails to demonstrate that she would have first-hand information regarding the issuers' practices related to communicating with and sending documents to the acquirer. Accordingly, the Court need not reconsider its decision.

### 3. The Friedmans' Submission

Finally, Plaintiff claims that the Court misconstrued the evidence related to the credit letters because, contrary to the Court's finding, "it does not show filtering." (Pl.'s Mem. at 15.) Specifically, Plaintiff contests the Court's statement that "the actual credit letters were not always transmitted to Plaintiff," (Order at 42), explaining that this evidence does not show filtering by the issuers, but instead "merely shows that issuing banks do not transmit a copy of the *same letter* in connection with every single chargeback in a series," (Pl.'s Mem at 15) (emphasis in original).

As a preliminary matter, even if the credit letters that issuers did not send to the acquirer were copies of the same letter, this is at least some evidence that demonstrates that the issuers actively decided what information to send to the acquirer. In any event, the Court did not base its decision solely on the issuers' failure to transmit copies of the same credit letters. Rather, the Court determined that Plaintiff failed to provide evidence that the issuers were sending all the

information and documents it had in its possession to the acquirer, without any modification, such that they were acting as mere conduits.  (Order at 42–43 ("Plaintiff does not point to any fact that evidences that the issuers acted as mere conduits.  While the filtering in *Loreley* was more extensive than the filtering that occurred here, the Second Circuit in *Loreley* was clear: only when a third-party acts as a mere conduit—distributing a representation without filtering or modification—can a fraud action based on that transmittal stand." (citing *Loreley*, 13 F.4th at 260–61))).  Accordingly, Plaintiff does not provide cause for this Court to reconsider its summary judgment decision.

.    .    .

As Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Plaintiff's Motion is denied.  *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15-CV-1756, 2020 WL 6729181, at *2 (S.D.N.Y. Nov. 16, 2020).  Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion is denied.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (Dkt. No. 508.)

SO ORDERED.

Dated:    December 18, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge